UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE E. ELSENSOHN, JR. | CIVIL ACTION |
| VERSUS | NO: 06-11393 |
| THE PARISH OF ST. TAMMANY, ET AL. | SECTION: "A" (4) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss under Rule 12(b)(6) (Rec. Doc. 14)** filed by Defendants Sheriff Jack Strain, Warden Marlin Peachy, and the St. Tammany Parish Sheriff's Office. Plaintiff opposes the motion. The motion, set for hearing on March 21, 2007, is before the Court on the briefs without oral argument. After reviewing the memoranda of counsel and applicable law, the Court concludes that Defendants' **Motion to Dismiss** should be **GRANTED** for the reasons that follow.

## I. BACKGROUND

The Plaintiff, Lawrence Elsensohn, is an employee of the St. Tammany Parish Sheriff's Office. The Plaintiff has been employed there since 1995. Since that time he has attained the rank of Sergeant.

In October 2004, the Plaintiff's wife, a former deputy with the St. Tammany Parish

Sheriff's Office, settled a Family Medical Leave Act ("FMLA") case against her former employer. Following that settlement, and beginning in January 2006, the Plaintiff asserts that he was denied several promotions despite his alleged excellent job performance.[1] Thereafter, the Plaintiff attempted to set up a meeting to discuss the promotion denials with Sheriff Jack Strain. Instead, he was referred to various other high ranking personnel including Warden Major Marlin Peachy for a meeting on the promotion denials.

The Plaintiff asserts that following the aforementioned meeting, he was involuntarily removed from his scheduled shift, was placed on an unfavorable shift, lost his holiday and overtime pay, and lost his ability to work details for supplemental employment.[2] Furthermore, the Plaintiff contends that he has since applied for more promotions, only to be denied due to changed qualification criteria.[3] The Plaintiff argues that all of these actions were a result of his association with his wife and her FMLA suit, and were taken with discriminatory and retaliatory intent in direct contravention of his rights under the FMLA, or 26 U.S.C. 2601, *et seq*.[4] Furthermore, the Plaintiff also brings a pendant state law claim for emotional distress. In response, the Defendants filed the instant motion to dismiss.[5]

---

[1] Pla. Compl. ¶ 12

[2] Pla. Compl. ¶ 14

[3] Pla. Compl. ¶ 15

[4] Pla. Compl. ¶ 16

[5] Defendant St. Tammany Parish also filed a Motion to Dismiss (Rec. Doc. 12), which the Court granted on June 11, 2007.

## **II. ARGUMENTS**

### Defendants

Defendants argue that the Plaintiff has no federal cause of action pursuant to the FMLA under this set of facts.[6] More specifically, the Defendants argue that the Plaintiff "makes absolutely no allegations based on his own use or entitlement to leave under the FMLA or that he has been in any way discriminated against because of his own use or attempted use of the provisions of the FMLA.[7] Instead, Defendants argue that "the plaintiff asserts that he possesses his own derivative claim under the FMLA as a result of his wife's direct FMLA claim."[8] The Defendants contend that no language in the FMLA or its accompanying regulations supports the existence of such a derivative claim. Further, Defendants argue that no jurisprudence recognizes or supports such a conclusion.[9]

In the event that this Court finds that the language of the FMLA extends a cause of action to this Plaintiff, tracking the language of the statute, the Defendants assert that any cause of action should be limited to the time frame when the suit was still pending and he was "about to testify."[10]

Finally, the Defendants assert that the St. Tammany Parish Sheriff's Office is not a legal

---

[6] Def. Memo in Supp. p. 2

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] Def. Rep. Memo in Supp. p. 3

3

entity with the capacity to be sued, and accordingly, it should be dismissed.[11]

## Plaintiff

The Plaintiff contends that "the FMLA, coupled with the code of federal regulations and pertinent case precedent, clearly establish that [the] Plaintiff has a viable cause of action under the FMLA."[12]  The Plaintiff contends that "[a]lthough originating from and relating to his wife's previous FMLA claim, [the] Plaintiff has his own claim in his own right."[13]  The Plaintiff asserts that "[t]here can be no doubt that under 29 U.S.C.A. § 2615 (b) (2)-(3), [the] Plaintiff is protected as an individual who 'has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or (3) has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter.'"[14]  In support, the Plaintiff notes that he was not merely a spouse, but a co-employee in the same department, who would have been competent to testify as to what he observed firsthand, including the effects on her emotional state.[15]

The Plaintiff also asserts that "[t]he retaliation provision of [the] FMLA creates a cause of action analogous to those of Title VII, FLSA, and [the]ADEA."[16]  In support, the Plaintiff

---

[11]  Def. Memo in Supp. p. 5

[12] Pla. Memo in Opp. p. 3

[13] Pla. Memo in Opp. pp. 3-4

[14] Pla. Memo in Opp. pp. 6-7

[15] Pla. Memo in Opp. p. 6

[16] Pla. Memo in Opp. p. 8

argues that "several circuits have recognized retaliation claims under the various statutes when spouses are co-employees of the same employer."[17] Finally, the Plaintiff asserts that the retaliation provision of the ADEA is almost identical to that of the FMLA.[18]

### III. LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991). The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Company v. City of Tehauacana*, 238 F.3d 382, 387 (5th Cir. 2001). However, "conclusory allegations" and "unwarranted deductions of fact" are not sufficient to prevent dismissal. *United States ex. rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Id.*; *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).

### IV. LAW & ANALYSIS

#### St. Tammany Parish Sheriff's Office

As an initial matter, the Court will address the portion of the Defendants' motion seeking

---

[17] *Id.*

[18] Pla. Memo in Opp. p. 13

dismissal of the St. Tammany Parish Sheriff's Office ("STPSO").  The law of Louisiana affords no legal status to the Parish Sheriff's Department. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002); *Porche v. St. Tammany Parish Sheriff's Office*, 67 F. Supp. 2d 631 (E.D. La. 1999).  Furthermore, "although a sheriff's office is not a legal entity capable of being sued, Louisiana sheriffs are amenable to suit." *Id*.  Notably, the Plaintiff raises no argument in opposition to this portion of the Defendants' motion.  Accordingly, the Court finds that the STPSO should be dismissed.

## Standing

The issue before the Court is whether this Plaintiff, under these facts, has standing under the FMLA.  Succinctly put, the Plaintiff urges the Court to find that he falls under the protection of the FMLA by virtue of his close association with his spouse and her FMLA suit.  Such a claim may properly be called a third party retaliation claim.

To make a *prima facie* showing of retaliation under the FMLA, a plaintiff must show that: (1) he was protected under the FMLA; (2) he suffered an adverse employment decision; (3) that he was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because he took FMLA leave. *Mauder v. Metropolitan Transit Authority of Harris County, Texas*, 446 F.3d 574, 583 (5th Cir. 2006) (citing *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 768 (5th Cir. 2001)).  For purposes of this motion, the Court will focus on whether the Plaintiff's allegations, when taken as true, satisfy the first element of establishing a *prima facie* case.  In order to resolve this issue, the Court must look to the language of the applicable

statutory provision.

>Section 2615, the applicable provision of the Family Medical Leave Act, reads:
>
>(a) Interference with rights
>>(1) Exercise of rights
>>It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
>>(2) Discrimination
>>It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.
>
>(b) Interference with proceedings or inquiries
>
>It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual–
>>(1) has filed any charge, or has instituted or caused to be instituted any proceeding, under or relating to this subchapter;
>>(2) has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or
>>(3) has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter.

29 U.S.C.A.§ 2615 (2006).

This provision forms the boundaries of the level of participation required for this Plaintiff to fall under the protection of the FMLA. The Court notes that in contrast to the counterpart provisions under the Americans with Disabilities Act ("ADA"), the ADEA, and Title VII, the language of the FMLA is markedly narrower. 42 U.S.C.A. § 12203(a)-(b) (1999) ("Americans with Disabilities Act"); 29 U.S.C.A. § 623(d) (1999) ("Age Discrimination in Employment Act"); 42 U.S.C.A. § 2000e-3(a) (1999) ("Title VII of the Civil Rights Act of 1964").

Several courts have addressed the viability of third party retaliation claims, but in the context of the ADA, ADEA, or Title VII. See *Holt v. JTM Industries Inc.*, 89 F.3d 1224 (5th Cir.

1996); *Fogelman v. Mercy Hospital, Inc.,* 283 F.3d 561 (3rd Cir. 2002); *Wu v. Thomas,* 863 F.2d 1543 (11th Cir. 1989); *Washington v. Davis,* 2001 WL 1287125 (E.D. La. 2001); *Singh v. Green Thumb Landscaping, Inc.*, 390 F. Supp. 2d 1129 (M.D. Fla. 2005); *DeMedina v. Reinhardt*, 44 F. Supp. 573 (D.D.C. 1978); *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F. Supp. 1108 (W.D.N.Y. 1996); *Gonzalez v. New York State Department of Correctional Services Fishkill Correctional Facility*, 122 F. Supp. 2d 335, 347 (N.D.N.Y. 2000).   At the very least, after a review of these cases it is apparent that there exists a divergence of opinion on the viability of third party retaliation claims in general.   However, the Court's own independent research revealed no Fifth Circuit jurisprudence addressing this precise issue in the context of the FMLA.

Turning to the Plaintiff's Complaint, the Court finds that the Plaintiff has not alleged that he filed a charge, gave any information, or testified in, any proceeding related to his spouse's rights under the FMLA.  Rather, the Plaintiff alleges that "[a]t all times, [the] Plaintiff attempted to not involve himself in his wife's FMLA claim except to give her moral support."[19] Accordingly, he does not fall under the language in the provision.

In lieu of participation, the Plaintiff asserts that because "[b]oth Plaintiff and Defendants knew that if the matter went to trial, Plaintiff would be called as a witness due to the fact that he was familiar with the circumstances surrounding his wife's claim as they worked in the same department," he falls under the FMLA and is allowed to bring this claim.[20]  However, the Plaintiff's Complaint makes clear that the alleged discriminatory and retaliatory actions began in

---

[19] Pla. Compl. ¶ 10

[20] *Id.*

8

January 2006, and continued over the next several months.[21]  Accordingly, his spouse's lawsuit settled a year and three months before any retaliatory or discriminatory action is alleged to have occurred.  Therefore, the Plaintiff does not allege that Defendants' alleged discrimination or retaliation occurred during the time frame leading up to or during his wife's FMLA suit.  This absence of allegations anywhere close to the relevant timeframe, namely when the Plaintiff was potentially poised to give information or testify, precludes this Plaintiff from falling under the "is about to" language of the provision.  The Plaintiff's reliance on the *potential* of participation is not enough to accord standing under the clear wording of Section 2615.

Although not in the context of the FMLA, the Fifth Circuit's holding in *Holt v. JTM Industries Inc.*, is generally instructive on this issue. *Holt*, 89 F.3d 1224.  In *Holt*, a husband and wife who worked for the same employer *jointly* filed suit under the ADEA. *Id*  The dispute initially arose when the employer terminated the wife.  Post-termination, the wife filed a charge of age discrimination with the EEOC.  Compounding the dispute, approximately two weeks after the employer received notice of that complaint, the husband was placed on administrative leave. *Id*.  The couple filed suit alleging age discrimination, as well as retaliation resulting from his wife's filing of the EEOC charge pursuant to 29 U.S.C. § 623(d).  Addressing the viability of a third party retaliation claim, the court held that "when an individual, spouse or otherwise, has not participated "in any manner" in conduct that is protected by the ADEA, we hold that he does not have automatic standing to sue for retaliation under § 623(d) simply because his spouse has

---

[21]  Pla. Compl. ¶ 12; the Plaintiff also notes generally that he had some problem with harassment with the Warden after his wife settled her FMLA case; Pla. Compl. ¶ 11

engaged in protected activity." *Id*. at 1227. The court's reference to "in any manner" tracks the language of the ADEA retaliation provision Section 623(d), and reflects the broad nature of what level of participation by an individual affords standing under the ADEA.

The Plaintiff's reliance on *Wu v. Thomas* is misplaced. *Wu,* 863 F.2d 1543. In *Wu v. Thomas*, a husband and a wife were both faculty members at the University of Alabama. The wife initially filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination under Title VII of the Civil Rights Act. Subsequent to the filing of that charge, the husband was removed from the chairmanship of his department. Following his removal, the wife filed a second charge with the EEOC alleging retaliation for her actions against her husband. Thereafter, *both* the husband and wife filed a lawsuit alleging that the defendants violated Title VII by discriminating and retaliating against them. Defendants filed a motion to dismiss. The district court converted the motion to dismiss into a motion for summary judgment and granted summary judgment in favor of the defendants. The Eleventh Circuit reversed.

Several facts distinguish *Wu* from the instant litigation. First, in *Wu* the husband and wife jointly filed suit. Second, *Wu* was a Title VII case. The applicable provision of Title VII, Section 2000e-3(a) reads, in pertinent part: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees...because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. 42 U.S.C. § 2000e-3(a) (1982). As previously noted, the language in the foregoing provision is much broader than the provision of the FMLA in the instant matter. Finally, and

most importantly, as another district court has observed, the court in *Wu* did not address the question of whether a Plaintiff has a cause of action for retaliation based solely on his close association with his wife who engaged in the protected activity. See *Singh v. Green Thumb Landscaping, Inc.*, 390 F. Supp. 2d 1129, 1135 (M.D. Fla. 2005). In fact, the court's discussion in *Wu* does not reflect whether the husband participated in complaining to the university regarding the university's treatment of his wife.[22] *Id*. Accordingly, *Wu* is readily distinguishable from the case at hand.

The Plaintiff summarizes the basis of his cause of action noting that "Defendants' actions were taken with discriminatory and retaliatory intent against Plaintiff as a result of Lawrence Elsensohn's *association* with Wendelle Elsensohn, his wife, who had opposed Defendants' unlawful practices related to the FMLA." Accordingly, without more than mere *association*, the Court finds that the plain language 29 U.S.C. § 2615 precludes this Plaintiff, under these facts, from having standing to raise this claim.

In so ruling, the Court recognizes the distinction between no cause of action and the lack of standing. Indeed, Judge Dennis, in his dissenting opinion in *Holt*, articulately noted the differences between the two. *Holt*, 89 F.3d 1224, 1228-1231. However, under the facts alleged by *this Plaintiff*, and in light of the grounds for the majority holding in *Holt*, this Court need not directly address the larger issue of a cause of action, but instead finds that under the plain language of the FMLA this Plaintiff is precluded from bringing this claim.

---

[22] The Complaint in *Wu* alleged that the husband testified at the trial on his wife's discrimination claims.

Accordingly;

**IT IS ORDERED** that Defendants' **Motion to Dismiss under Rule 12(b)(6) (Rec. Doc. 14)** is **GRANTED**. The Plaintiff's state law claim for emotional distress is dismissed without prejudice.

New Orleans, Louisiana, Monday, June 18, 2007.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE